# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WARREN WHITTED,**<br><br>   Plaintiff,<br><br>v.<br><br>**NORFOLK SOUTHERN RAILWAY COMPANY, INC.,**<br><br>   Defendant. | **CIVIL ACTION NO.:**<br>**2:13-cv-01550-VEH** |

## PRETRIAL ORDER

A pretrial conference was held in the above case on May 20, 2015, wherein, or as a result of which, the following proceedings were held and actions taken:

   1.   **APPEARANCES:**   Appearing at the conference were:

   For Plaintiff:       Brett Adair
                        Heather Leonard
   For Defendant:       Thomas H. May
                        Sydney F. Frazier, Jr.

   2.   **JURISDICTION AND VENUE:**

        a.   The court has subject matter jurisdiction of this action under the

following statutes, rules or cases:

   28 U.S.C. 1331, 1343(4) and

   28 U.S.C. 2201 and 2202

1

      b.      All jurisdictional and procedural requirements prerequisite to maintaining this actin have been met.

      c.      Is personal jurisdiction or venue contested?

      \_\_\_\_\_ Yes       \_\_X\_\_ No

3.    **<u>PARTIES AND TRIAL COUNSEL:</u>**  The parties before the Court and designated trial counsel are correctly named as set out below:

| <u>PARTIES</u> | <u>TRIAL COUNSEL</u> |
|---|---|
| Plaintiff | Brett Adair & Heather Leonard |
| Defendant | Thomas H. May & Sydney F. Frazier, Jr. |

4.    **<u>PLEADINGS:</u>**  The following pleadings have been allowed:

Complaint (Doc. 1) and Amended Complaint (Doc. 14) by Plaintiff and Answer To Complaint (Doc. 9), Answer to Amended Complaint (Doc. 16) by Defendant.

5.    **<u>STATEMENT OF THE CASE:</u>**

      a.      <u>Narrative Statement of the Case.</u>

The Plaintiff, Warren Whitted, is an adult male currently 33 years old who brings this action for disability discrimination and failure to accommodate against Defendant, Norfolk Southern Railway Company. Mr. Whitted claims that Norfolk Southern discriminated against him when it refused to return him to work on or around July 11, 2012, following a period when Mr. Whitted was off work as

a result of a traumatic head injury suffered in a motorcycle accident. Plaintiff brings this action under the Americans with Disabilities Act, as amended. Plaintiff seeks back pay damages to be determined by the trier of fact, compensatory damages to be determined by the trier of fact, punitive damages to be determined by the trier of fact, injunctive relief, interest on any unpaid back pay, and costs, including a reasonable attorney's fee and any and all other relief deemed appropriate by the Court. NSR denies that it discriminated against Mr. Whitted in its decision that he not be returned to work on or around July 11, 2012 and denies any liability to him.

      b.     <u>Undisputed Facts</u>

1. Mr. Whitted is a male and was born on March 28, 1982.

2. Mr. Whitted was hired as a conductor trainee by Norfolk Southern Railway Company on October 18, 2010.

3. Mr. Whitted qualified as a conductor on February 16, 2011.

4. Mr. Whitted worked in the Norfolk Southern facility in Birmingham, Alabama as a road conductor.

5. A road conductor is a conductor who performs his duties on railroads traveling from location to location as opposed to a yard conductor who may perform his or her duties only in the railway yard.

6. On June 22, 2011 Mr. Whitted was involved in a non-work related motorcycle accident in which he suffered a traumatic brain injury.

7. The medical doctor primarily responsible for Mr. Whitted's care while in rehabilitation for his injury was Dr. Paula Stewart.

8. Dr. Stewart issued a document dated November 2, 2011 in which she indicated that Mr. Whitted was released to return to his job as a road conductor.

9. Between November 2, 2011 and July 11, 2012, the date on which Mr. Whitted was notified that he was not qualified to return to active service as a conductor for NSR, the Norfolk Southern Medical Department gathered a variety of medical records concerning Mr. Whitted.

10. During this period of time, Dr. Paula Lina was the Associate Medical Director for Norfolk Southern Corporation.

11. Dr. Lina is currently the Medical Director for Norfolk Southern Corporation.

12. Under the policies of the Norfolk Southern Medical Department, before a worker who suffered an injury such as the injury suffered by Mr. Whitted could return to work, that worker must receive the approval of the Norfolk Southern Medical Department.

13. Mr. Whitted was examined on two occasions by Dr. Thomas Boll, a Neuropsychologist, on March 1, 2012 and again on November 3, 2014.

14. In December, 2014 Mr. Whitted was sent by NSR to conductor training school in McDonough, Georgia.

15. In January, 2015 Mr. Whitted returned to work as a road conductor at the Norfolk Southern facility in Birmingham, Alabama. Mr. Whitted is currently working full time as a road conductor for Norfolk Southern.

    c. <u>Plaintiff's Claims.</u>

1. Failure to accommodate and discriminatory medical disqualification based on disability and/or being regarded as disabled.[1]

---

[1] "The term 'disability' means, with respect to an individual-
"(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
"(B) a record of such an impairment; or
"(C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). The ADA defines "discriminate" to include the failure to provide reasonable accommodation to an otherwise qualified individual with a disability, unless doing so would impose an undue hardship on the employer's business. <u>Keith v. County of Oakland</u>, No. 11-2276, _____F. 3d ____ ( 6th Cir. Jan 10, 2013) <u>citing</u> 42 U.S.C. § 12112(b)(5). As a threshold matter, "[t]he ADA mandates an individualized inquiry in determining whether an [applicant's] disability or other condition disqualifies him from a particular position." <u>Holiday v. City of Chattanooga</u>, 206 F.3d 637, 643 (6th Cir. 2000) A proper evaluation involves consideration of the applicant's personal characteristics, his actual medical condition, and the effect, if any, the condition may have on his ability to perform the job in question. <u>Id</u>. This follows from the ADA's underlying objective: "people with disabilities ought to be judged on the basis of their abilities; they should not be judged nor discriminated against based on unfounded fear, prejudice, ignorance, or mythologies; people ought to be judged on the relevant medical evidence and the abilities they have." <u>Id</u>. The ADA requires employers to act, not based on stereotypes and generalizations about a

      2.      Whitted was cleared by his two primary care physicians and fully capable of performing the essential functions of his job with or without an accommodation.

      3.      Defendant has failed to demonstrate that Mr. Whitted was a direct threat to the health and safety of Mr. Whitted, his co-workers and/or the general public.[2]

      4.      Plaintiff seeks back pay damages to be determined by the trier of fact, compensatory damages to be determined by the trier of fact, punitive damages to be determined by the trier of fact, injunctive relief, interest on any unpaid back pay, and costs, including a reasonable attorney's fee and any and all other relief deemed appropriate by the Court.

    d.      <u>Defendant's Defenses.</u>

      1.      Defendant generally denies plaintiff's claim.

---

disability, but based on the actual disability and the effect that disability has on the particular individual's ability to perform the job. <u>Id</u>.

[2]     The direct threat defense must be "based on a reasonable medical judgment that relies on the most current medical knowledge and/or the best available objective evidence," and upon an expressly "individualized assessment of the individual's present ability to safely perform the essential functions of the job," reached after considering, among other things, the imminence of the risk and the severity of the harm portended. <u>Chevron U.S.A. Inc. v. Echazabal</u>, 536 U.S. 73, 86 (2002) <u>citing</u> 29 CFR § 1630.2(r) (2001).

2. Defendant avers that Mr. Whitted was not able to safely perform the essential functions of his job with or without an accommodation on or around July 11, 2012.

3. Defendant avers that returning Mr. Whitted to a position as road conductor on or around July 11, 2012 would have resulted in a direct threat to the health and safety of Mr. Whitted, his co-workers and the general public.[3]

4. Defendant avers that Plaintiff is entitled to no damages of any kind and that no fees or costs should be awarded in this matter.

6. **DISCOVERY AND OTHER PRETRIAL PROCEDURES:**

   a. Pretrial Discovery.

      i. Pursuant to previously entered orders of the court, discovery is closed.  The parties submitted a joint motion to take a trial deposition of Dr. Paula Stewart, Plaintiff's treating physician, who now practices in Tennessee. The Court granted this motion on May 11, 2015.

   b. Pending Motions

   None.

   c. Motions in Limine

   Motions in limine, including any *Daubert* motions, must be filed at least twenty-eight (28) days in advance of the scheduled trial date and shall be accompanied by supporting memoranda, with pinpoint cites. Oppositions are due eleven (11) calendar days thereafter.  As to each

---

[3] The Plaintiff bears the burden of establishing that he was not a direct threat or that a reasonable accommodation was available. Waddell v Valley Forge Dental Associates, 276 F.3d 1275 (11th Cir. 2001).

matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side. Parties are encouraged to resolve evidentiary issues by stipulation whenever possible.

7. The parties must provide to other parties and promptly filed with the court the following information regarding the evidence that it may present at trial *other than solely for impeachment or rebuttal:*

a. the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

b. the designation <u>by page and line number</u> of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

c. an appropriate identification (including Bates number if applicable) of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures must be made at least thirty (30) days before trial.

> Within seven (7) calendar days after receipt of the items listed above, a receiving party shall serve and promptly file a list disclosing (i) all objections, together with the grounds therefor, to the use under Rule 32(a) of a deposition designated by another party under the above subparagraph b; (ii) all objections, together with the grounds therefor, that may be made to the admissibility of materials identified under the above subparagraph c; and (iii) any counter-designations of those portions of depositions that a party wishes to reserve the right to introduce, without regard to whether the opposing party already has designated the same portions of testimony. <u>Objections not so disclosed are waived unless excused by the</u>

8

<blockquote>

<u>court for good cause,</u> such as that the objecting party could not determine the basis of the objection prior to trial.

Within seven (7) calendar days after the parties exchange and file the objections noted in the preceding paragraph, they shall meet and consult in an attempt to resolve the objections. If there are unresolved objections after the parties consult, the parties shall, at least fourteen (14) calendar days before trial, submit to the court, in writing, any such unresolved objections thereto. A brief argument may be submitted at that time, if necessary. The unresolved objections and arguments (if any) <u>must</u> be emailed to chambers of the undersigned, and a hard copy of any objected-to exhibits and/or objected-to proposed deposition testimony <u>must</u> be delivered to chambers of the undersigned (via the clerk's office).

</blockquote>

No exhibits will be admitted or be permitted to be shown to the jury unless the party offering them has complied with the E-Government Act of 2002. This means that the following must be redacted from any document a party seeks to introduce into evidence or to show to the jury: social security numbers (in their entirety), dates of birth (other than the year), the names of persons known to be minors (although their initials may remain unredacted), and financial account numbers (other than the last four digits).

The court will provide to counsel, at least twenty-one (21) days before trial, anticipated jury instructions and an anticipated verdict form.

Oral arguments on any unresolved pretrial matters will be heard and a preliminary charge conference will be held on September 4 at 10 a.m., at the Hugo L. Black United States Courthouse, Birmingham, Alabama. If a party wishes to submit additional or alternative jury charges or verdict form, that party shall, no later than fourteen (14) days prior to the scheduled trial date, email to the court and opposing counsel its proposed additional or alternative charges or verdict form, together with a <u>brief</u> argument and <u>pinpoint</u> citations to authority.

8. *<u>**TRIAL (JURY):**</u> Any **proposed voir dire** is due at least ten (10) business days prior to the scheduled trial date and must be emailed to chambers of the undersigned, with a copy to opposing counsel. The

parties should indicate which questions (if any) they want the court to ask and which questions they propose to as themselves.9.
    **COMPUTATION OF DEADLINES**:

a.  All deadlines shall be computed without regard to Fed. R. Civ. P. 6(a).  However, if a document is due on a day that is a weekend or a federal holiday, then the deadline for filing such document shall be extended until the next business day following the day on which the document would otherwise be due.

10. **CHAMBERS EMAIL:**

    a.  All documents that are emailed to chambers must be in WordPerfect (strongly preferred) or Word format and sent to: hopkins_chambers@alnd.uscourts.gov.

11. **VOIR DIRE:**

    a.  Maximum of 60 minutes per side.

12. **OPENING/CLOSING STATEMENTS:**

    a.  Maximum of 20 minutes per side on opening statements.
    b.  Maximum of 45 minutes per side on closing arguments.  The plaintiff may reserve not more than half of his closing argument.

    However, if the plaintiff intends to ask for a specific sum of money, he must do so before the defendant makes its closing argument.

13. **TRIAL DATE:**

    a.  This case is set for trial (jury) on September 14, in Birmingham, Alabama, at the Hugo L. Black United States Courthouse, and is anticipated to last eight (8) days (including jury selection, opening statements, all evidence, a charge conference, closing

10

arguments and the court's instructions to the jury, but not including jury deliberations).

It is **ORDERED** that the above provisions be binding on all parties unless modified by further order for good cause shown.

**DONE** this the 20th day of May, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
UNITED STATES DISTRICT JUDGE